**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WESLEY DEAN HESTER,

Plaintiff,

v. No. 26-cv-0053-SMD-LF

NEW MEXICO CORRECTIONS DEPARTMENT;
FNU SGT. LUCERO; and WEXFORD,

Defendants.

**ORDER GRANTING IN FORMA PAUPERIS RELIEF AND DIRECTING ISSUANCE OF NOTICE AND WAIVER OF SERVICE FORMS**

This matter is before the Court on Plaintiff's Prisoner Civil Rights Complaint, (Doc. 2) (Complaint). Plaintiff is incarcerated and proceeding *pro se*. Also before the Court are Plaintiff's Motion and Affidavit for Leave to Proceed pursuant to 28 U.S.C. § 1915 (Doc. 3) (IFP Motion), Motion for Summary Judgment (Doc. 6), and Motion for Status Report (Doc. 9). Having reviewed Plaintiff's filings, the record of the case, and relevant law, the Court: (1) grants the IFP Motion (Doc. 3); (2) denies the Motion for Summary Judgment and Motion for Status Report; (3) dismisses without prejudice Plaintiff's claims against the New Mexico Corrections Department and Wexford; and (4) orders Defendant Lucero to answer the Complaint.

1. IFP Motion

Plaintiff's IFP Motion does not include a six-month inmate account statement as required by 28 U.S.C. § 1915(a)(2). By an Order to Cure Deficiency entered May 28, 2026, the Court directed Plaintiff to submit an inmate account statement reflecting transactions for a six-month period. (Doc. 4). Plaintiff timely filed a Response to the Order to Cure Deficiency, in which he

provides an inmate account statement reflecting a balance of $1.50 and no deposits. *See* (Doc. 8) at 6-7. The Court finds that Plaintiff's financial information reflects he is unable to prepay the $405.00 filing fee for his prisoner civil rights complaint, which reduces the fee to $350.00, and will allow Plaintiff to pay in installments. *See* 28 U.S.C. § 1915(b). The Court further finds that Plaintiff is unable to make an initial partial payment based on his account balance. The Court will therefore grant the IFP Motion and will not assess an initial partial payment. However, until the filing fee is fully paid, Plaintiff remains obligated to "make monthly payments equal to 20 percent of the preceding month's income credited to [his] account . . . in months when [his] trust fund account exceeds ten dollars." *Shabazz v. Parsons*, 127 F.3d 1246, 1248 (10th Cir. 1997); 28 U.S.C. § 1915(b)(2) ("[T]he prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account."). The Court reminds Plaintiff that he is not excused from making partial payments when he has the means to pay but elects to spend his money in other ways. *See Baker v. Suthers*, 9 F. App'x 947, 949 (10th Cir. 2001).

2. <u>Issuance of Notice and Waiver of Service Forms</u>

Plaintiff alleges that on December 7, 8, and 9, 2025, when he was in the Long Term Care Unit at the Central New Mexico Correctional Facility (CNMCF) in Cell #106, Sgt. Lucero attacked and beat him four times and destroyed his property. (Doc. 2) at 4-5. He further alleges he was denied food and water and left in a cold room with no clothing or bed linens. *Id.* at 5. Plaintiff states that as a result of the incident he has lost the use of his right arm and can only wiggle two fingers. *Id.* at 6-7. Plaintiff names as Defendants: (1) the New Mexico Corrections Department (NMCD); (2) Sgt. FNU Lucero; and (3) Wexford. *Id.* at 1. Plaintiff seeks damages and injunctive relief under 42 U.S.C. § 1983. *Id.* at 6-7.

Having reviewed the matter pursuant to 28 U.S.C. § 1915(e), the Court finds that Plaintiff has sufficiently connected Defendant Lucero to the alleged wrongdoing and his claims against this defendant survive initial statutory review. The Court will therefore require Defendant Lucero to answer the Complaint. The Court will direct the Clerk's Office to issue notice and waiver of service forms to Defendant Lucero at CNMCF. Plaintiff is entitled to court-supplied service, since he is proceeding *in forma pauperis*, but he may be required to provide more information if additional service attempts are necessary. *See Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996) (The Tenth Circuit has "recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served."); *Washington v. Correia*, 546 F. App'x 786, 789 (10th Cir. 2013) ("[T]he onus [is] squarely on plaintiffs to track down the whereabouts of defendants to effectuate service—rather than obliging courts to assist in this endeavor—even when the plaintiffs are in prison."). The Court will also enter a separate order referring this case to the assigned Magistrate Judge to conduct a *Martinez* investigation, if appropriate. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (A *Martinez* report is "a court-authorized investigation and report" used in *pro se* prisoner cases to evaluate the "factual or legal bases for [the] claims.") (citing *Martinez v. Aaron*, 570 F.3d 317, 318-19 (10th Cir. 1978)).

Regarding the remaining Defendants – NMCD and Wexford – Plaintiff does not make any specific allegations linking them to the asserted violations. Moreover, the Tenth Circuit has held the "New Mexico Department of Corrections is not a 'person' subject to suit under § 1983." *Blackburn v. Dep't of Corr.*, 172 F.3d 62 (10th Cir. 1999); *see also Jordan v. Doe*, 15 F. App'x 564, 566 (10th Cir. 2001) (same). A private corporation acting under the color of state law is only liable

under Section 1983 when the corporation's official policy or custom caused a deprivation of constitutional rights. *See Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) (A private corporation performing a government function can be held liable under Section 1983 only where a plaintiff shows "1) the existence of a . . . policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged."). Plaintiff does not allege the existence of a policy or custom and a direct link between that policy or custom and the alleged injury.

The Court will therefore dismiss Plaintiff's claims against NMCD and Wexford without prejudice. The Court grants Plaintiff leave to file a supplemental pleading amending his claims against NMCD and Wexford within thirty days of entry of this Order. If Plaintiff fails to timely file a supplemental pleading that states a claim against these Defendants, the Court may dismiss the claims against NMCD and Wexford with prejudice. Finally, the Court denies Plaintiff's Motion for Summary Judgment (Doc. 6) without prejudice as premature, and denies his Motion for Status Report (Doc. 9) as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (**Doc. 3**) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall make monthly payments of twenty percent of the preceding month's income credited to his account in months the account balance exceeds ten dollars, or show cause why the designated payments should be excused.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **ADD** Defendant Lucero to the case caption and **ISSUE** Notice and Waiver of Service Forms, along with a copy of this Order and the Complaint (**Doc. 2**), to Defendant Lucero at the Central New Mexico Correctional Facility.

**IT IS FURTHER ORDERED** that all claims against Defendants the New Mexico Corrections Department and Wexford are **DISMISSED without prejudice**, and Plaintiff may file a supplemental pleading as set forth above within thirty days of this Order.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Summary Judgment (**Doc. 6**) and Motion for Status Report (**Doc. 9**) are **DENIED**.

SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE