IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WESLEY DEAN HESTER,

Plaintiff,

v. Case No. 1:26-cv-00053-SMD-LF

FNU LUCERO,

Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on pro se plaintiff Wesley Dean Hester's Motion for Summary Judgment (Doc. 12), filed August 18, 2026. On August 14, 2026, United States District Judge Sarah Davenport referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 11 at 1. For the following reasons, I recommend that the Court deny Mr. Hester's motion for summary judgment without prejudice as premature.

**BACKGROUND**

On February 2, 2026, Mr. Hester filed a Complaint for Violation of Civil Rights against NMCD, Wexford, and Lucero (first name unknown). Doc. 2. Mr. Hester also filed a motion to proceed in forma pauperis ("IFP motion") on that date, Doc. 3, and later a motion for summary judgment on June 24, 2026, Doc. 6. On August 14, 2026, the Court granted Mr. Hester's IFP motion and directed the Clerk of the Court to issue notice and waiver of service forms to defendant Lucero. Doc. 10 at 3. However, the Court dismissed Mr. Hester's claims against defendants NMCD and Wexford without prejudice for failure to "make any specific allegations

linking them to the asserted violations." *Id.* at 3–4. The Court also denied Mr. Hester's motion for summary judgment without prejudice as premature. *Id.* at 4. On August 18, 2026, Mr. Hester filed a new motion for summary judgment. Doc. 12. Defendant Lucero has not yet entered an appearance in this matter, and no Rule 16 Initial Scheduling Order has been entered.

## ANALYSIS

"[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery." FED. R. CIV. P. 56(b). However, motions for summary judgment are premature when filed before a Rule 16 Scheduling Order has been entered. D.N.M.LR-Civ. 56.1(a) ("Unless otherwise ordered by the Court, motions for summary judgment will not be considered unless filed within the deadline set in the Rule 16 Scheduling Order."); *see also Jefferson v. Moore*, 177 F.4th 1062, 1064, 1067 (10th Cir. 2026) (noting that a district court's denial of a motion for summary judgment at an early stage in the case before discovery had commenced was "prudent").

No Rule 16 Scheduling Order has been entered in this matter and discovery has not yet commenced. Indeed, the defendant has not yet entered an appearance in this case, and the Court only recently initiated court-supplied service pursuant to Mr. Hester's in forma pauperis status. *See* Doc. 10 at 3. The posture of this case has not changed in any significant way since the Court denied Mr. Hester's first motion for summary judgment as premature. *See id.* at 4. I therefore recommend that Mr. Hester's motion again be denied without prejudice as premature.

## CONCLUSION

For the foregoing reasons, I recommend that the Court deny Mr. Hester's Motion for Summary Judgment (Doc. 12) without prejudice as premature. Mr. Hester is reminded that "[u]nless otherwise ordered by the Court, motions for summary judgment *will not be considered*

unless filed within the deadline set in the Rule 16 Scheduling Order." D.N.M.LR-Civ. 56.1(a) (emphasis added).

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id.* In other words, if no objections are filed, no appellate review will be allowed.**

Laura Fashing
United States Magistrate Judge